**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MELISSA GREEN**                                                                     **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 2:15-CV-156-KS-MTP**

**LAKEVIEW LOAN SERVICING, LLC, and
M&T BANK and DOES 1-9**                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [4] filed by Defendants Lakeview Loan Servicing, LLC, and M&T Bank. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Melissa Green ("Plaintiff") filed this action on October 9, 2015, against Defendants Lakeview Loan Servicing, LLC ("Lakeview"), and M&T Bank (collectively "Defendants") in the Chancery Court of Forrest County Mississippi. In her Complaint [1-3], Plaintiff brings two claims against Defendants: a wrongful foreclosure claim and a claim under 15 U.S.C. § 1694j. Defendants removed the action to this Court on November 25, 2015. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Plaintiff and her husband executed a Deed of Trust [4-1] on May 28, 2010 and delivered it to Terry L. Cave, as Trustee, for Mortgage Electronic Registration Systems as nominee for The First, a national banking system. The Deed of Trust [4-1] was subsequently alleged to be assigned to Lakeview. Under the terms of the deed, if the power of sale was to be invoked, Plaintiff was to be given notice through first class mail. (Deed of Trust [4-1] at ¶¶ 15, 22.)

A foreclosure sale occurred on April 9, 2015. Defendants gave notice of this sale pursuant to § 89-1-55 of the Annotated Mississippi Code, which requires notice be advertised in the newspaper published in the county of the property and posted in the county courthouse. The mortgaged property was sold for $108,864.

Defendants now bring their Motion to Dismiss [4], asking the Court to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. DISCUSSION

### A. Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757,

763 (5th Cir. 2011) (citations omitted).  "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

### B.  Waiver of Claims

Defendants argue that Plaintiff has waived all claims in this case due to her failure to object to the foreclosure sale.  In making this argument, Defendants rely on the rule articulated in *Chambers v. BancorpSouth Bank*, which holds that, under Mississippi law, "a mortgagor who has actual notice of a foreclosure sale and fails to object is estopped from subsequently challenging the title of the purchaser."  822 So.2d 1113, 1115 (Miss. Ct. App. 2002) (citing *Kelso v. Robinson*, 161 So. 135, 137 (Miss. 1935)).  They argue that because they met the requirements for statutory notice under § 89-1-55 of the Annotated Mississippi Code, Plaintiff had actual notice and waived any claims she may have brought through her failure to object.

Although Mississippi, as a non-judicial foreclosure state, does not require the mortgagee to directly notify the mortgagor of an impending foreclosure, direct notification may be required by the provisions of the deed of trust. *EB, Inc. v. Allen*, 722 So.2d 555, 561 (Miss. 1998).  The Deed of Trust [4-1] in this case explicitly requires notice of an impending foreclosure sale to be mailed to Plaintiff by first class mail.  (*See* Deed of Trust [4-1] at ¶¶ 15, 22.)  Plaintiff alleges that this requirement was not met, and Defendants have not refuted this allegation.  (*See* Complaint [1-3] at ¶ 14.)  Because Plaintiff has pleaded sufficient facts to establish that she did not receive the proper notice, the Court cannot say that Defendants' waiver defense is apparent from the face of the pleading.  *See Miller*, 726 F.3d at 726 (citing *Kansa Reins. Co.*, 20 F.3d at 1366).  Furthermore, even if Defendants were not required to directly notify Plaintiff, they have not shown that the

statutory notice of the sale gave Plaintiff "actual notice" as required under *Chambers. See* 822 So.2d at 1115. Defendants fulfilled the statutory notice by publishing it in the newspaper for three weeks and posting it at the Forrest County courthouse. Actual notice, though, requires that notice be expressly and actually given to Plaintiff, which Defendants have not established. *See Doe ex rel. Brown v. Pontotoc Cnty. Sch. Dist.*, 957 So.2d 410, 417 (Miss. Ct. App. 2007). Therefore, Court will the **deny** the Motion to Dismiss [4] as to Defendants' waiver defense.

### C. Debt Collector under the FDCPA

Plaintiff brings a claim against Defendants under 15 U.S.C. § 1692j, which is a provision of the Fair Debt Collections Practice Act ("FDCPA"). Specifically, Plaintiff claims that Defendants represented themselves as a creditor of her mortgage loans with knowledge that they were not. Section 1692j makes it "unlawful to design, compile, and furnish any form knowing such form would be used to create the false belief in a consumer that a person other than the creditor . . . is participating in the collection or . . . . a debt . . . ." It further makes any person liable "to the same extent and in the same manner as a debt collector" also liable under the FDCPA.

Plaintiff does not make any allegations in her complaint that Defendants designed, compiled, or furnished any forms that had the misleading characterization described in § 1692j, nor does she allege any other specific violation of the FDCPA other than Defendants' alleged misrepresentation that they were creditors to her mortgage loan and a vague contention that Defendants did not give proper notifications under the FDCPA. Plaintiff has therefore not pleaded enough factual content to make her FDCPA claim plausible. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). As such, the Court will **grant** Defendants' Motion to Dismiss [4] as to Plaintiff's FDCPA claim and it will be **dismissed with prejudice**.

### D. Damages from Breach

Defendants argue that Plaintiff does not sufficiently allege damages in her Complaint [1-3] for her breach of goof faith and fair dealing claim.  Defendants, however, misconstrue Plaintiff's claim.  Plaintiff brings two counts in her Complaint [1-3]:  one for violations of the FDCPA, which the Court has already dismissed, and one for wrongful foreclosure.  The allegations she brings for breach of contract and bad faith are brought in support of her wrongful foreclosure claim, not as separate claims themselves.  Furthermore, the only relief she seeks is declaratory and injunctive relief in connection with her wrongful foreclosure claim.  Therefore, because there is no breach of implied good faith and fair dealing claim brought in the Complaint [1-3], Defendants' arguments for the dismissal for such a claim have no basis, and their Motion to Dismiss [4] will be **denied** with respect to this argument.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [4] is **granted in part** and **denied in part**.

It is **granted** in that Plaintiff's claim under 15 U.S.C. § 1692j is **dismissed with prejudice**.

It is **denied** in that Plaintiff's wrongful foreclosure claim remains pending.

SO ORDERED AND ADJUDGED this the 12th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE