IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELISSA GREEN                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 2:15-CV-156-KS-MTP

LAKEVIEW LOAN SERVICING, LLC, *et al.*                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants in part and denies in part** the Motion for Summary Judgment [68] filed by Defendants Tanya Darlene Gray and Lukeith Ridgeway. Specifically, the Court denies the motion with respect to Plaintiff's claims of trespass, negligent infliction of emotional distress, and intentional infliction of emotional distress against Defendant Lukeith Ridgeway, but the Court grants the motion in all other respects.

### I. BACKGROUND

This is a wrongful foreclosure case. The Court discussed its factual background in a previous opinion. *See Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP, 2016 U.S. Dist. LEXIS 17565, at *1-*2 (S.D. Miss. Feb. 12, 2016). Plaintiff asserted claims of trespass, conversion, and intentional/negligent infliction of emotional distress against the individual Defendants, Tanya Darlene Gray and Lukeith Ridgeway. Defendants filed a Motion for Summary Judgment [68], which the Court now addresses.

### II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.   *Trespass*

First, Defendants argue that Plaintiff has no evidence to support her claim that they committed a trespass by entering the subject real property and removing her personal property. "[A] civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the

2

land; 3) credible evidence that the party charged is the party responsible for the tort." *McLaughlin v. Miss. Power Co.*, No. 1:01-CV-22-LG-JMR, 2010 U.S. Dist. LEXIS 105837, at *12 (S.D. Miss. Oct. 4, 2010) (citing *Monsanto Co. v. Scruggs*, 342 F. Supp. 2d 602, 606 (N.D. Miss. 2004)).

Plaintiff presented a Notice of Right to Reclaim Abandoned Property, which she claims was posted on the property. *See* Exhibit D to Response, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. May 1, 2017), ECF No. 73-4; Exhibit B to Response at 2, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. May 1, 2017), ECF No. 73-2. The Notice provided that the "premises has been rekeyed," and it directed Plaintiff to contact Defendant Ridgeway to gain access to the property. Exhibit D [73-4]. Defendant Ridgeway signed the Notice. *Id*. The parties have not directed the Court to any other evidence regarding who had the house rekeyed. Defendants argue that "the property had been rekeyed in accordance with the foreclosure process <u>by someone other than these Defendants</u>." Reply at 5-6, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. May 10, 2017), ECF No. 76 (emphasis original). But Defendant Ridgeway's affidavit, cited in support of this argument, says nothing about who rekeyed the property. Exhibit H to Memorandum, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. Apr. 17, 2017), ECF No. 69-8. Plaintiff apparently assumes, based on the Notice of Right to Reclaim Abandoned Property, that Ridgeway changed the locks on the house. Indeed, she stated as much in her affidavit. Exhibit C to Response at 2, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP

(S.D. Miss. May 1, 2017), ECF No. 71-3.

In the Court's opinion, a reasonable jury could infer from the Notice of Right to Reclaim Abandoned Property that Defendant Ridgeway rekeyed the property. Of course, Ridgeway could not have changed the locks without entering the property, and he has not presented any argument regarding his right or license to do so. The record contains evidence that Plaintiff suffered damages as a result of the locks being changed. Specifically, she stated in her affidavit that she was unable to retrieve her personal property. Exhibit B [73-2], at 2. Therefore, the Court finds that the record contains sufficient evidence to create a genuine dispute of material fact as to Plaintiff's trespass claim against Defendant Ridgeway, and it denies Defendants' motion in that respect.

However, Plaintiff presented no evidence whatsoever that Defendant Tanya Gray trespassed on her property. In fact, Plaintiff did not even address the trespass claim as applied to Defendant Gray. Therefore, the Court grants Defendants' motion as to Plaintiff's trespass claim against Defendant Gray.

## B. *Conversion*

Next, Defendants argue that Plaintiff has no evidence to support her allegation that they converted her personal property by removing it from the house and disposing of it.[1] "To make out a conversion, there must be proof of a wrongful possession, or the

---

[1] To be clear, Plaintiff has not argued – or alleged in her Amended Complaint – that Defendants converted her real property by exercising dominion over it in defiance of her rights. The conversion claim appears to only concern the personal property within the home.

exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1998). The plaintiff must present "proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself, or to deprive the rightful owner of it, or destroyed the property." *Greenline Equip. Co. v. Covington County Bank*, 873 So. 2d 950, 955 (Miss. 2002).

Milton Williams, an employee of MLW Construction and Cleaning, Inc., provided an affidavit in which he declared that he entered the property in May 2015, "at the direction of the lender," removed all personal property or trash remaining in the residence, and disposed of it. *See* Exhibit J to Memorandum at 1, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. Apr. 17, 2017), ECF No. 69-10. Plaintiff has not provided any evidence to dispute this testimony. Therefore, it is undisputed that neither Ridgeway nor Gray removed the property from the house or disposed of it. Moreover, it is undisputed that Lakeview Loan Servicing, LLC "conveyed the property to the Secretary of Veterans Affairs on or about April 17, 2015" – before Williams removed the property. Exhibit 1 to Motion for Summary Judgment at 4, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. Apr. 17, 2017), ECF No. 66-1. Therefore, neither Ridgeway nor Gray could have been the "lender" who directed Williams' actions.

Plaintiff apparently contends that Ridgeway exercised dominion over her personal property in exclusion of her rights by having the locks changed, which

5

prevented her from entering the house to retrieve the property. However, the Notice of Right to Reclaim Abandoned Property specifically provided, "You may contact . . . Keith Ridgeway to set a time to meet you at the property to retrieve any belongings," and it included his address and phone number. Exhibit D [73-4]. Therefore, it appears to be undisputed that Ridgeway had no intention of preventing Plaintiff from obtaining her personal property. In fact, the Notice itself specifically acknowledges Plaintiff's right to reclaim her property. *Id.*

For these reasons, the Court finds that Plaintiff has not presented sufficient evidence to create a genuine dispute of material fact as to her claim of conversion against either Defendant.

## C. *Intentional & Negligent Infliction of Emotional Distress*

Finally, Defendants argue that Plaintiff has no evidence to support her claims of intentional and negligent infliction of emotional distress. Plaintiff alleges that Defendants caused her to suffer emotional distress by trespassing on her property, and by removing and destroying her personal property. The Court has already ruled that there is no evidence to support a claim that Defendant Gray committed a trespass, or that either Defendant converted Plaintiff's property. Therefore, if Plaintiff has a viable claim of negligent or intentional infliction of emotional distress, its basis must be Defendant Ridgeway's alleged trespass.

A plaintiff may recover on a claim for intentional infliction of emotional distress "[w]here there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . even though there has been no physical injury."

6

*Bowden v. Young*, 120 So. 3d 971, 980 (Miss. 2013). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The standard has also been described as "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Leaf River v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995). Liability will not attach for mere annoyances or other trivialities. *Funderburk v. Johnson*, 935 So. 2d 1084, 1100 (Miss. Ct. App. 2006). "[I]t is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress . . . ." *Bowden*, 120 So. 3d at 980.

To succeed on a claim of negligent infliction of emotional distress, Plaintiff must prove each of the elements of negligence: duty, breach, causation, and injury. *Harried v. Krutz*, 813 F. Supp. 2d 835, 841-41 (S.D. Miss. 2011); *Blake v. Wilson*, 962 So. 2d 705, 715 (Miss. Ct. App. 2007). Further, Plaintiff must prove "some sort of physical manifestation of injury or demonstrable physical harm." *Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 653 (S.D. Miss. 2013) (citing *Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001); *Paz v. Brush Engineered Materials, Inc.*, 949 So. 2d 1, 4 (Miss. 2007)).

Defendants did not apply the law cited above to the facts of this case. Their only argument is that they did not commit the torts of trespass and conversion upon which Plaintiff's infliction of emotional distress claims are based. As previously noted, the record contains no evidence to support a claim that Defendant Gray committed a trespass, or that either Defendant converted Plaintiff's property. But the trespass

7

claim against Defendant Ridgeway remains. Therefore, in the absence of further argument on this issue, the Court denies the Motion for Summary Judgment insofar as it pertains to Plaintiff's claims for negligent and intentional infliction of emotional distress arising from Ridgeway's alleged trespass on Plaintiff's property. But the Court grants the motion in all other respects.

### D.     *Punitive Damages*

Defendants argue that the record contains insufficient evidence to support a claim for punitive damages. The Court has already ruled that there is no evidence to support a claim that Defendant Gray committed a trespass, or that either Defendant converted Plaintiff's property. Therefore, if Plaintiff has a viable claim for punitive damages, its basis must be the facts underlying Plaintiffs' claims of trespass and/or intentional infliction of emotional distress against Defendant Ridgeway.

"Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Punitive damages are generally only allowed "where the facts are highly unusual and the cases extreme." *Wise v. Valley Bank*, 861 So. 2d 1029, at 1035 (Miss. 2003). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly negligent." *Choctaw Maid Farms v. Hailey*, 822 So. 2d

8

911, 924 (Miss. 2002).

First, punitive damages are not recoverable for simple negligence. *Id.* Therefore, Plaintiff can not recover punitive damages for Ridgeway's alleged negligent infliction of emotional distress. *See, e.g. JCKP, LLC v. Berkley Reg'l Specialty Ins. Co.*, No. 2:14-CV-117-KS-MTP, 2016 U.S. Dist. LEXIS 57402, at *4 (S.D. Miss. Apr. 29, 2016) (citing MISS. CODE ANN. § 11-1-65(1)(a)). As for the claims of trespass and intentional infliction of emotional distress, Plaintiff has not directed the Court to any evidence sufficient to support a claim of punitive damages. In fact, Plaintiff did not even respond to Defendants' argument concerning punitive damages. Therefore, in the absence of any evidence of behavior sufficient to support a claim of punitive damages, the Court must grant Defendant's Motion for Summary Judgment as to Plaintiff's claim for punitive damages.

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the Motion for Summary Judgment [68] filed by Defendants Tanya Darlene Gray and Lukeith Ridgeway. Specifically, the Court denies the motion with respect to Plaintiff's claims of trespass, negligent infliction of emotional distress, and intentional infliction of emotional distress against Defendant Lukeith Ridgeway, but the Court grants the motion in all other respects.

SO ORDERED AND ADJUDGED, on this, the ___16th___ day of May, 2017.

                                                  ___s/Keith Starrett_____

UNITED STATES DISTRICT JUDGE