IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MELISSA GREEN**                                                                                      **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 2:15-CV-156-KS-MTP**

**LAKEVIEW LOAN SERVICING, LLC,** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** the parties' Motions for Reconsideration [79, 81].

## I.  BACKGROUND

This is a wrongful foreclosure case. The Court discussed its factual background in a previous opinion. See *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP, 2016 U.S. Dist. LEXIS 17565, at *1-*2 (S.D. Miss. Feb. 12, 2016). Plaintiff Melissa Green ("Plaintiff") asserted claims of wrongful foreclosure, trespass, conversion, and intentional/negligent infliction of emotional distress. Defendants filed Motions for Summary Judgment [66, 68]. The Court granted the motion of Defendants Lakeview Loan Servicing, LLC and M & T Bank [77]. The Court granted in part and denied in part the Motion of Defendants Tanya Grey and Lukeith Ridgeway [78]. Specifically, the Court denied the motion as to Plaintiff's claims of trespass, negligent infliction of emotional distress, and intentional infliction of emotional distress against Ridgeway, but the Court granted the motion in all other respects. (*See* Order [78] at p. 1.) Plaintiff filed a Motion for Reconsideration [79] of the Court's order granting Lakeview and M & T Bank's Motion for Summary Judgment [77], and Ridgeway filed a Motion for Reconsideration [81] of the Court's order denying his own Motion for Summary Judgment [78].

## II.  STANDARD OF REVIEW

Because the motions were filed within 28 days of the Court's rulings, they are treated as motions under Rule 59(e). Fed.R.Civ.P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003).

When a party submits additional evidence not part of the summary judgment record for reconsideration, the court considers "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was *available before the party responded to the summary judgment motion,* and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Snavely v. Nordskog Elec. Vehicles Marketeer*, 947 F.Supp. 999, 1011 (S.D. Miss. 1996) (emphasis in original). Motions for reconsideration should not be used to relitigate old matters or present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Rule 59(e) is not "intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990). The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). But granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

### III.  DISCUSSION

**A. Plaintiff's Motion for Reconsideration [79]**

Plaintiff has not cited any change in controlling law relevant. Rather, Plaintiff argues that the Court failed to properly apply the summary judgment standard, and she presents new evidence.

First, although Plaintiff presented new evidence in support of her Motion for Reconsideration, she failed to show that it was unavailable before the Court's previous ruling. The 2014 notice of default and the information provided in the new affidavits were, without question, "plainly available or easily discovered before summary judgment." *ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 848 (5th Cir. 2006). The Contact Letter from Lender [79-2] was sent in April of 2014 over three years prior to Court's Order. The affidavit from counsel [79-4] was also available to Plaintiff as it addresses attempts to contact other parties before the relevant events occurred. (*See* Counsel Affidavit [79-4] at p. 1-2.) Finally, the affidavit of a postal employee [79-3] was also easily obtainable during the discovery period.

Plaintiff knew that whether the March 5, 2015 document was mailed was an issue, as they raised it in their brief. (*See* Memorandum in Opposition to Summary Judgment [72] at p. 2.) Plaintiff could have obtained this information while the motion was still pending and failed to do so. Because she has not demonstrated that the new evidence was previously unavailable, and offers no explanation as to why she failed to present it earlier, the Court denies her motion. *Id.* at 847.

Moreover, granting summary judgment in favor of Lakeview and M & T does not create an inequitable result. The Deed of Trust set forth a very specific process for providing notice which Defendants followed and Plaintiff did not. (*See* Order [77] at p. 3-5.) No manifest injustice or clear error of law will result from the parties' contract being applied as written. Plaintiff's contention

that the Court improperly assessed the parties' credibility is meritless. The Court's previous opinion speaks for itself, and the Court will not belabor the issue.

Additionally, Plaintiff argues that her claim for wrongful foreclosure was not only based on lack of notice, but also a lack of opportunity to cure the default. But the record clearly demonstrates that Plaintiff was provided opportunity to cure the default. On May 1, 2014, M & T sent her a notice of default that specifically provided that she must pay the amount of $3,212.43 to bring the loan current. Exhibit 1 to Motion for Summary Judgment at 31, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. Apr. 17, 2017), ECF No. 66-1. Moreover, on March 6, 2015, Defendant's foreclosure counsel sent a payoff quote to the subject property's address. Exhibit 2 to Motion for Summary Judgment at 5, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. Apr. 17, 2017), ECF No. 66-2. Plaintiff does not dispute that Defendant's agents sent these notices. Rather, she claims she never received them. Exhibit C to Response, *Green v. Lakeview Loan Servicing, LLC*, No. 2:15-CV-156-KS-MTP (S.D. Miss. May 1, 2017), ECF No. 71-3.

For these reasons, "the facts in this case do not warrant the extraordinary relief associated with the granting of a motion for reconsideration." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479-80 (5th Cir. 2004). Plaintiff's motion [79] is denied.

## B. Defendant Ridgeway's Motion for Reconsideration

Likewise, Ridgeway belatedly presents new evidence to persuade the Court that it erred in not fully granting his motion for summary judgment. But he provided no explanation as to why he failed to present this evidence earlier.

The information provided in Ridgeway's new affidavits was "plainly available or easily discovered before summary judgment." *ICEE*, 445 F.3d at 848. Ridgeway knew that he had not

4

changed the locks to the house in May 2015, and discovering who changed them was easily discoverable. In fact, Ridgeway had already deposed Milton Williams, the party providing the affidavit. Ridgeway made no attempt to demonstrate that this evidence was previously unavailable, and he did not explain why he failed to present it earlier. The Court denies his motion [81].

### III. CONCLUSION

For these reasons, the Court **denies** the parties' Motions for Reconsideration [79, 81].

SO ORDERED AND ADJUDGED, on this, the  31st   day of July, 2017.

                                                         s/Keith Starrett
                                                   UNITED STATES DISTRICT JUDGE